(121 N. W. 78.)

---

L. D. GOOLER AND R. GOER *v.* A. N. EIDSNESS.

Opinion filed April 14, 1909.

Rehearing denied May 15, 1909.

### Appeal and Error — Questions Not Considered Below.

1. The record showing that the answer was not demurred to, and that it was at no time suggested to the trial court that it was insufficient, and the trial in the district court having proceeded upon the theory that issue was joined, this court will not pass upon the sufficiency of the answer.

### Appeal and Error — Objections Not Taken Below.

2. Section 7325, Rev. Codes 1905, reads: "When an order of the district court is made, which under the laws regulating appeals to the Supreme Court is an appealable order, such order shall upon its face by apt words briefly describe the affidavits, documents, papers and evidence upon which the order is made and the judges may at their discretion refuse to sign orders not so framed and the Supreme Court may at its discretion dismiss any appeal from an order which is not framed substantially in accordance with the requirements of this section." *Held,* that objection taken for the first time in this court to the order of the district court granting a new trial, such objection being upon the ground that the order does not enumerate the evidence and papers upon which it was granted, will not be considered by this court.

### Same — Dismissed.

3. Penalties provided by section 7325 are not applicable to the facts of this case.

### Same — New Trial — Affirmance.

4. When a new trial is granted by the district court, its order will be affirmed if any ground for sustaining it is found in the record.

**Directed Verdict — Motion by Both Parties — Waiver of Finding by the Jury.**

5. Where both parties submit a motion for a directed verdict, and the one against whom the verdict is directed requests that any question of fact be submitted to the jury, the party making the request does not thereby waive findings by the jury.

**Same — Conflict of Testimony.**

6. The evidence in this case shows a decided conflict on material questions. Hence the directing of a verdict for appellant was error, and the district court was justified in granting a new trial.

**Sufficiency of Evidence.**

7. Even if the merits were with the appellants, the evidence was too uncertain to enable the jury or the court to fix the amount which plaintiff is entitled to recover.

**Appeal and Error — Service of Notice of Appeal — "Process."**

8. Section 6738, Rev. Codes 1905, defines "process" as a writ or summons issued in the course of judicial proceedings. *Held,* that the notice of appeal is not a writ or summons, and is therefore not "process," and need not be served in the same manner in which "process" is required to be served.

**Same — Service of Notice of Appeal by Mail.**

9. Section 7205, Rev. Codes 1905, provides that an appeal must be taken by serving a notice in writing, etc., and by filing the same in the office of the clerk of court. Section 7332 provides for service of notice by mail when the person making the service and the persons upon whom is it made reside in different places between which there is a regular communication by mail. *Held,* that notice of appeal is included in the sections referred to, and service by mail, when the facts specified exist, is valid service if other requirements are obesrved.

Appeal from District Court, McHenry county; *E. B. Goss, J.*

Action by L. D. Gooler and another against A. N. Eidness. There was a judgment for plaintiffs, and from an order setting the same aside and granting a new trial plaintiffs appeal.

Affirmed.

*Gooler & Goer* and *Burke & Middaugh,* for appellants.

*Christianson & Weber,* for respondent.

SPALDING, J.   Appeal from an order granting a new trial. The action was brought to recover compensation from the respondent for

negotiating a sale of his farm for a stock of merchandise. The trial court directed a verdict in appellants' favor. Judgment was entered thereon. On respondent's motion for a new trial, the judgment was vacated and a new trial granted. Error is assigned on the claim that there was no issue of fact presented by the answer for the jury to try. It appears from the record that the action was tried upon the theory that the pleadings presented issues of fact, and we do not find that it was anywhere suggested to the trial court that the answer was insufficient. Having been tried upon the theory that it was adequate, and the question not having been suggested to the trial court, it cannot be considered by this court on appeal. This has been so often passed upon that it is unnecesary to cite authorities to support it.

Appellant complains that in the order granting the new trial the court did not enumerate the papers and documents and evidence upon which the order was made. This objection is based upon section 7325, Rev. Codes 1905, which reads: "When an order of the district court is made, which under the laws regulating appeals to the Supreme Court is an appealable order, such order shall upon its face by apt words briefly describe the affidavits, documents, papers and evidence upon which the order is made, and the judges may at their discretion refuse to sign orders not so framed and the Supreme Court may at its discretion dismiss any appeal from an order which is not framed substantially in accordance with the requirements of this section." We are of the opinion that this objection is not well taken under the circumstances. It will be noted that the section quoted permits judges in their discretion to refuse to sign orders not so framed, and that the Supreme Court may in its discretion dismiss any appeal from an order which is not framed in accordance with the provisions of that section. The penalties provided by the section are not applicable to the facts and circumstances of this case. Furthermore, the record fails to disclose that the attention of the trial court was called to any defect of this nature in the order, and that the court was given no opportunity to correct its order if defective. While it would often save this court much unnecessary labor if trial courts designated the grounds on which they grant a new trial, yet we know of no rule which would justify this court in overruling an order granting a new trial and in affirming a judgment simply because the trial court failed to state the evidence or papers upon which it rested its order

granting the new trial. In fact it is well established that the order granting the new trial should be affirmed if any ground for sustaining it is found in the record. In the case at bar we find ample grounds for affirming the order. While both parties, when the defendant rested, submitted motions to direct a verdict, the respondent objected to the court finding the facts and insisted that they be submitted to the jury if his motion was overruled. This objection and request take the case out of the rule that where both parties submit motions for a directed verdict, without any request that any question of fact be submitted to the jury, they thereby waive findings by the jury. Hence the court was not justified in directing a verdict if any substantial conflict existed in the evidence on any material issue.

We find from an inspection of the evidence contained in this record a direct conflict as to whether a sale of the land in question was consummated and as to whether the respondent was justified in rejecting the terms offered. There is much evidence showing the negotiations of the parties, but as to the sale being completed, and as to the character of the merchandise which was offered for the respondent's land, being the same as contemplated by his contract with appellants, the evidence is in conflict in so far as evidence was received.

Appellants had entered into a contract with defendant, whereby he agreed to pay them 5 per cent. commission in case they found a purchaser for his farm, and to give them all in excess of $8,000 received for it on any sale which they might effect; such sale to be for cash or general merchandise. Evidence was offered tending to show that the stock offered in exchange for the farm included articles of considerable value which could not be classed as general merchandise in the locality where the trade was being negotiated and the contract of agency was made. Another point is clear, namely, the verdict was directed in favor of appellants for $4,400. This was on the supposition that they were getting 5 per cent. on $8,000 and that the stock of goods was worth $12,000, as listed in the book received in evidence; but sales in large amounts had been made from the stock for some time after the list was prepared and before this negotiation took place. It was not shown what such sales amounted to. It therefore appears that the trial court was without evidence upon which to determine the exact excess over $8,000 of the value of the stock, and therefore a verdict for the

full amount to which plaintiff would have been entitled had no sales been made, even if the evidence justified the conclusion that there had been a sale or a customer produced, was excessive.

For these reasons the order of the district court must be affirmed.

Before argument of this appeal on its merits, respondent submitted a motion for dismissal. The service of notice of appeal was made by mail, and the ground of respondent's motion was that no appeal had been taken, and that the notice of appeal is process and can be served only in the manner required by the Code for the service of a summons. On the argument we denied respondent's motion. It becomes necessary to briefly state our reasons for doing so. Section 6738 Rev. Codes 1905, says: "The word process signifies a writ or summons issued in the course of judicial proceedings." A notice of appeal is not a writ or summons, and is therefore not process. Section 7205, Rev. Codes 1905, specifies that an appeal must be taken "by serving a notice in writing signed by the appellant or his attorney on the adverse party, and by filing the same in the office of the clerk of court in which the judgment or order appealed from is entered. * * * The appeal shall be deemed taken by the service of a notice of the appeal and perfected on service of the undertaking for costs, or the deposit of money instead, or the waiver thereof as hereinafter prescribed." This section harmonizes with other references in the statute to the taking of appeals. Appeals are taken by serving and filing a notice, not by issuing and serving process. Respondent cites several authorities in support of his argument, but they come from states where the procedure in taking an appeal differs materially from that provided in this state. Section 7331, Rev. Codes 1905, specifies the requirements necessary to making a valid service of notice in certain instances. Section 7332 provides for service of notice by mail when the person making the service and the person upon whom it is to be made reside in different places between which there is a regular communication by mail. The notice of appeal in this case was served by mail, and being a notice as we have held, and the attorneys serving and served residing in different places between which there is a regular communication by mail, it can be legally so served, and this court, if the other prerequisites were observed, acquired jurisdiction of the appeal by such service. All concur.

MORGAN, C. J., not participating on account of illness.