INCORPORATED TOWN OF CASEY et al., Appellants, v. E. L. HOGUE, State Director of the Budget, Appellee.

MUNICIPAL CORPORATIONS: Public Improvements—Appeal to Director of Budget—Fatally Defective Service. Appeal to the director of the budget from the action of the city council in overruling objections to a proposal for paving is not effected by simply delivering to the city clerk a notice which purports to be a copy of an unproduced original, but which is not such copy, in that only 24 of the 27 signatures affixed to the original are affixed to the notice served; and this is true even though the city appears, and moves to dismiss the appeal.

NOTICE: Service—Impeachment of Return. The return of service of a notice is impeachable on a direct attack on its validity.

NOTICE: Service—Appearance to Fatally Defective Service—Effect. Appearance in an appellate tribunal for the purpose of objecting because the notice of appeal was not served as required by law does not confer jurisdiction on the tribunal to hear the appeal.

Headnote 1: 28 Cyc. p. 1017.  Headnote 2: 28 Cyc. p. 1017; 29 Cyc. p. 1123 (Anno.)  Headnote 3: 3 C. J. p. 1243. .

Headnote 2: 21 R. C. L. 1322.  Headnote 3: 2 R. C. L. 335.

*Appeal from Guthrie District Court.*—W. G. VANDER PLOEG, Judge.

JULY 1, 1927.

Appeal from an order by the district court in certiorari proceedings brought to review the action of the director of the budget in overruling the action of the town council of the incor- porated town of Casey in respect to paving certain streets in said town.  The trial court affirmed the decision of the director of the budget in overruling the action of the town council in ordering the construction of said improvement.  The town ap- peals.—*Reversed.*

*A. M. Fagan* and *Stipp, Perry, Bannister & Starzinger,* for appellants.

*Ben J. Gibson, C. E. Berry,* and *Harry D. Byers,* for ap- pellee.

FAVILLE, J.—The town council of the incorporated town of Casey by proper legal proceedings proposed to pave certain streets in said town.  Certain property owners in said town duly filed objections before the town council to the establishment of the proposed improvement. Said objections were overruled by said town council, and the resolution adopted, ordering the improvement.  Thereafter, certain of said objectors endeavored to prosecute an appeal from the action of the city council to the director of the budget of the state.  The town moved to dismiss said purported appeal before the director of the budget.  The motion to dismiss was overruled, and a hearing had, and an order entered by the director of the budget overruling the action of the town council in ordering said im- provement to be constructed.  From said order by the director of the budget a writ of certiorari was prosecuted to the district court, and the order of the director of the budget was affirmed by said court.

1. MUNICIPAL COR- PORATIONS: public im- provements: ap- peal to director of budget: fatally defec- tive service.

I.   It is the contention of the appellants herein that no legal and valid appeal was taken from the action of the town council to the director of the budget, and that the motion to dismiss the appeal filed before the director of the budget should have been sustained.

Chapter 23, Code of 1924, deals with the subject of public contracts and bonds, and provides for notice and hearing before the proper officers of the municipality with regard to the construction of public improvements. It is provided that interested parties may file objections to the proposed plans before the governing body of the municipality. It is also provided that:

"* * * interested objectors may appeal from such decision to the director by serving notice thereof on the clerk or secretary of such municipality within ten days after such decision is entered of record." Section 354, Code of 1924.

The statute provides, as applied to the instant case, that the number of objectors required to perfect an appeal shall be 25. The record discloses that, within the time limit, the attorney for the objectors prepared a notice of appeal, which was properly addressed, and was in proper form. The evidence also tends to show that the original of said notice of appeal was signed in person or by authorized agent for 27 of said objectors. It also appears that a carbon copy of said notice was prepared, except as to the signatures attached thereto, and that copies of the signatures were affixed on said copy by one person. The undisputed evidence shows that the said copy contained the names of only 24 objectors. The record tends to show that the original of said notice, containing the 27 names, and the copy, containing 24 names, were delivered to a private party, for service upon the town clerk. The evidence of the party making the purported service is that he went to the office where the town clerk was employed, and there produced the carbon copy of said notice above referred to. He testified that at that time he and the clerk "turned it over, leaf after leaf there, and we didn't just exactly read that, word for word, understand, but we went over it together, and got down to where these names are, and I said, 'John, you understand this?' 'Yes.' 'These names are all here, and you are satisfied with the service?' He says, 'I am.'"

The witness delivered the carbon copy to the town clerk. The witness further testified;

"Q. How many papers did you have, or that you and Mr. Smith looked at that night? A. I had one paper that I served, and the other was in the envelope. Q. That is the one you returned to Mr. Berry,—the one that was in the envelope,—being Exhibit 5 of Exhibit A,—that was in the envelope all the time you were down in the office of Mr. Knox? A. I took out one of them, just as I told you, and I went over it together with John Smith, and when we got through with it, we looked it over, and, as I told you, we were satisfied with it. Q. You were satisfied with it? A. Yes, sir. Q. And the one that you looked over,— referring to Exhibit 5 of Exhibit A. Calling your attention to the name of Casey Mercantile Company, in stencil,—was it on this paper? Was that on the paper that you and Mr. Smith looked over? A. I couldn't say. Q. But you know that this is the only paper,—pages 32, 33, 34, and 35,—that you read to Mr. Smith? A. Yes, sir. Q. Was that the only one you left with Mr. Smith? A. Yes, sir. Q. That is the paper that you gave to John Smith? A. Yes, sir. Q. Now, the paper upon which you made the return and signed your name was not the one that you and Mr. Smith looked over, was it? A. No."

The town clerk testified as follows:

"A man met me on the street, and asked me to go down to the office of Miller & Company, Casey, Iowa, and he brought it down and handed it to me. Didn't read it, and didn't ask me to read it. He handed me this one, or one just exactly like it. There were 24 names written in, in pencil. * * * This notice that has been handed me is the notice that I certified to the budget director; and the proceedings from which this appeal is taken, which proceedings are certified to the budget director, were for an improvement amounting to something over $28,000. There was no other notice given to me, as town clerk, of this appeal to the budget director, other than I have stated, and as I stated in my return to the budget director."

The party to whom the papers were given for service made return on the original instrument, bearing the 27 signatures, the return stating that he personally served the same on the town clerk by reading the same to him and delivering him a true copy thereof. The town clerk certified the proceedings in the matter to the director of the budget, including the copy of the notice containing the 24 names, which had been left with him. The

party to whom the papers were given for service returned the original instrument, containing 27 names, to the director of the budget, with his return thereto attached.

The motion of the town to dismiss the appeal raises squarely the question as to whether or not, under this state of facts, a notice of appeal was served, as contemplated by the statute in order to confer jurisdiction upon the director of the budget. The director of the budget had no original jurisdiction in the matter, and could only acquire jurisdiction by proper appeal. The statute provides that the appeal is to be taken "by serving notice thereof" on the clerk of the municipality. It is to be observed that the direction of the statute is that the notice shall be "served." When the statutory requirement is that a notice shall be served, and there is no further specific direction in the statute, two things are clearly implied: (1) That the notice shall be in writing; and (2) that it shall be served personally upon the party upon whom service is to be made. It is the general rule that, where a notice is required or authorized by statute in any legal proceedings, it must be in writing. In *Moore v. Marshalltown Opera-House Co.*, 81 Iowa 45, 48, we said:

"And while in common parlance the word 'notify' or 'notifying' may sometimes mean a mere verbal communication, yet, when applied to an official act, we think it can have no other meaning than that it should be in writing."

See, also, *Pearson v. Lovejoy*, 53 Barb. (N. Y.) 407; *McEwen v. Montgomery County Mut. Ins. Co.*, 5 Hill (N. Y.) 101; *In re Cooper*, 15 Johns. (N. Y.) 533; *Foley v. Mayor*, 1 App. Div. 586 (37 N. Y. Supp. 465) ; 29 Cyc. 1117.

Also, "when service is required, it means personal service." *Ellis v. Carpenter*, 89 Iowa 521. The question then arises as to what requirements are necessary, to constitute legal service of a notice of appeal, which must be in writing, and which must be personally served. A notice of appeal is not a writ or summons, and is not process. *Gooler v. Eidsness*, 18 N. D. 338 (121 N. W. 83). The statutes in respect to appeals from inferior tribunals vary somewhat in their provisions. Three methods, at least, are designated by statute as to the giving of service of a notice of appeal: (1) by pursuing the same manner as the service of original notices; (2) by *filing* the notice with a designated official;

and (3) by *serving* the notice on a designated official. A few citations will illustrate.

Section 12840, Code of 1924, provides that notice of appeal to this court shall be served in the same manner as an original notice in a civil action. In certain instances, appeals from a justice court to the district court are to be by written notice, which "may be served like the original notice." Section 10597.

Appeals from the decisions of township trustees affecting individual drainage rights shall be taken by a notice in writing, "which notice shall be served in the same manner as is provided for the service of original notices." Section 7723.

Appeals in the removal of mine inspectors are had "by giving notice in writing to the board, or any member thereof, served in the same manner as original notices." Section 1235.

Appeals from the industrial commissioner are to be had "by filing in the office of the commissioner a written notice of appeal." Section 1449.

Appeals from the action of the board of supervisors in drainage districts are taken by the filing of a notice of appeal with the county auditor. Section 7515.

Appeals from an order entered by the board of health shall be perfected by serving written notice on the commissioner of public health. Section 2204.

Appeals from an order establishing a grade may be taken to the district court "by giving written notice thereof to the mayor." Section 5959.

Appeals in certain school proceedings may be taken to the district court "by serving notice thereof on such secretary." Section 4138.

Certain appeals to the executive council are to be taken "by serving notice of such appeal upon the secretary." Section 8573.

Appeals in insurance matters are to be had "by the service of a written notice of such appeal on the commissioner of insurance and attorney-general." Section 8623.

We have not attempted any complete list of the statutes providing for appeals from an inferior body or tribunal to a reviewing body or tribunal, but the foregoing illustrate that the legislature has specifically provided for different methods of appeal. Where the statute expressly provides that a notice of

appeal shall be served in the same manner as original notices are served, the intent of the legislature is clear, definite, and specific. When the statutes provide that the notice of appeal shall be *filed* with a designated officer, the method to pursue is plain.

In the instant case, however, there is no provision of statute requiring that the service of notice shall be made in the manner in which original notices are served; nor is it sufficient to file the notice with the clerk. It is only provided that it shall be "*served*" upon the clerk. In such instance, the service must be personal upon the town clerk, and "there is no authority for adopting the substituted service provided for in the service of an original notice in that action." *Ellis v. Carpenter,* 89 Iowa 521. How, then, shall the service upon the clerk be made? The general rule is thus stated in 29 Cyc. 1119:

"Where the statute requires that a notice be given in writing, it must be served by delivery of the original, or a true copy."

See, also, *Deimel v. Obert,* 20 Ill. App. 557; *Williams v. Brummel,* 4 Ark. 129.

We are constrained to follow this rule.

Where the statute requires that a notice shall be "served," the very least that could be legally regarded as a valid service would be the delivery of the original or a true copy, to the party to be served. If the service had been made in compliance with the provisions for the personal service of an original notice, by reading the original and delivering a true copy, this would constitute a good and sufficient service. The *delivery* of the *original* to the proper officer would, we think, also be a sufficient compliance with the statute. But neither method was followed in the instant case. The notice was not served as an original notice must be served. The original was not produced nor read, nor was reading waived. The original might as well have been at the office of the attorney, or the party making the alleged service might as well have left it at home, as to have carried it with him inclosed in an envelope, without as much as producing it or displaying it,—much less offering to read it. The undisputed evidence shows that the copy, which was the only instrument shown or delivered to the town clerk, was not signed by a sufficient number of objectors to give it any validity. The service

was wholly insufficient, under the rule regarding the service of an original notice.

Nor was the service sufficient under the general rule that permits "service of notice," when nothing more is specified, by delivery of the original or a true copy. Neither the original nor a true copy was delivered in this case.

It is argued in behalf of the appellee that the case presents a question of a defective notice, and not a question of failure of notice. As we have shown, there was a complete failure of service by any legally recognized method under the statute. The party making the service did no more than to present an incorrect and erroneous copy of a notice to the town clerk, and read over a portion of it with him, and leave the same in his custody. This surely cannot, under any authority, be held to be legal service of notice.

It is to be noticed, also, that this is not a case of collateral attack, where there is a claimed defective service, but is a case of direct attack, by motion to dismiss the appeal for want of legal service.

It is also argued that the return of the party making the service, as shown upon the original instrument filed with the director of the budget, establishes the fact of the service of the notice according to the recitals of the return. But in this direct attack, this return was subject to impeachment by proof of the facts as to what occurred; and it was clearly impeached by the testimony of the party himself, as well as by that of the town clerk.

2. NOTICE: service: impeachment of return.

Again, it is urged that the objectors waived all rights to raise the question, by appearing before the director of the budget and moving to dismiss the appeal. It is the law that appearance in the appellate tribunal for the purpose of objecting because the notice of appeal was not served as required by law does not confer jurisdiction upon the appellate tribunal to hear and determine the case. *Ellis v. Carpenter*, supra; *Spurrier v. Wirtner*, 48 Iowa 486; *Bedford v. Board of Supervisors*, 162 Iowa 588.

3. NOTICE: service: appearance to fatally defective service: effect.

The director of the budget erred in not sustaining the appellants' motion to dismiss the appeal, and the district court erred in annulling the writ of certiorari directed to said director

of the budget. It should have been sustained. The order of the district court must, therefore, be, and it is,—*Reversed*.

EVANS, C. J., and STEVENS, DE GRAFF, VERMILION, ALBERT, MORLING, and KINDIG, JJ., concur.