STATE OF IOWA, appellee, v. HARRY HANSEN, appellant.

No. 48040.

(Reported in 55 N.W.2d 923)

DECEMBER 16, 1952.

Anthony T. Renda and John Connolly III, both of Des Moines, for appellant.

· Clyde Herring, County Attorney, and Neal E. Smith, Assistant County Attorney, for appellee.

HAYS, J.—Defendant was charged by an information filed in the municipal court of Des Moines, Iowa, with a violation of section 103.14, Code of 1950. From a judgment entered on a finding of guilty he has appealed.

Chapter 103, Code of 1950, refers to fire escapes and general fire hazards. Section 103.14 outlines the powers and duties of inspectors in the matter of their regulation. Section 103.15 makes it the duty of an inspector, if violations of the regulations are found to exist, *to serve or cause to be served* upon the owner, if a resident of the county where the building is located, or if he be a nonresident of the county, then upon his agent or lessee, a written notice of such violation and notifying him to comply with the law within sixty days after the service of such notice. Section 103.17 states, in part: "Any person who shall violate any of the provisions of law relating to fire escapes *.* * and *who has been served with notice* as provided herein and who shall, within sixty days of the service of the notice, * * * fail and neglect to comply with the requirements of law * * * shall be punished by a fine." (Italics added.)

While many alleged errors are assigned, we think one thereof is determinative of the appeal. It is to the effect that under the entire record the State has failed in its burden of proof. We assume that the notices in question were sufficient, as to form, and that the defendant was shown to be the owner of the build-

ing in question and a resident of the county where the building is located. All parties appear to be agreed that three notices of alleged violations were mailed to the defendant. They were under dates of March 23, 1950, May 23, 1951 and July 3, 1951. The information in the case was filed July 30, 1951.

 In Iowa all crimes are statutory. No matter how reprehensible an act may be, in the absence of a legislative penalty there can be no criminal prosecution. A strict construction of a criminal statute against the State is the recognized rule and the burden is upon the State to prove every element essential to constitute the crime charged. State v. Burns, 181 Iowa 1098, 165 N.W. 346; State v. Cooper, 221 Iowa 658, 265 N.W. 915.

Section 103.15 states, "It shall be the duty of any inspector * * * *to serve or cause to be served* a written notice." (Italics added.) The general rule appears to be that unless otherwise provided by statute the *service* of a notice must be personal. 66 C. J. S., Notice, section 18(d) ; 39 Am. Jur., Notice and Notices, section 9. In Incorporated Town of Casey v. Hogue, 204 Iowa 3, 7, 214 N.W. 729, 731, the issue being the meaning of the term "served", as applied to appeals in matters pertaining to public contracts, we said:

"When the statutory requirement is that a notice shall be served, and there is no further specific direction in the statute, two things are clearly implied: (1) That the notice shall be in writing; and (2) that it shall be served personally upon the party upon whom service is to be made."

We find no Iowa case holding to the contrary.

In Scanlon v. Scanlon, 154 Iowa 748, 754, 135 N.W. 634, 637, we had the question of a widow's election to take under a will. The statute provided that a notice be served upon her. The notice was handed to her, but not read. It was claimed that the service was defective. We there approved the rule "that the statute prescribing the method of service of original notices has no application 'to private papers and notices between parties in their ordinary business transactions and which may relate to or form the foundation of a right.' "' Further (on page 754) we said, "What is 'personal service'? * * * we have no statutory definition of the phrase. It has been defined by the courts as

meaning 'actual service by delivering to the person, and not to a proxy.' " The service was held to be sufficient. It might be of interest to note that this case was determined in 1912. In 1919 the Thirty-eighth General Assembly (chapter 192) repealed the statute in question and enacted one which required service as "in the manner required for service of original notice." (Now section 636.22, Code of 1950.) Affirming the rule announced in the Scanlon case pertaining, as it apparently does, to "private papers and notices between parties" is of no assistance to appellee. We have here Official Notices which may form the basis of a future criminal prosecution, and under the strict construction rule of criminal statutes, above-noted, the above exception is not applicable. Furthermore, regardless of what may have been the situation in 1912, we do have today a very definite statement as to the meaning of the terms "served" and "personal service." R. C. P. 56. It is true that this rule applies to the service of original notices, and no original notice is here involved. However, section 4.1, subsection 2, Code of 1950 provides:

"Words and phrases shall be construed according to the context and the approved usage of the language; but technical words and phrases, and such others as may have acquired a peculiar and appropriate meaning in law, shall be construed according to such meaning."

 We think that the terms "served" or "caused to be served", especially when used in connection with Official Notices, have acquired the peculiar and appropriate meaning given to "service of original notices", in the absence of anything to the contrary appearing. Reaffirming the rule announced in the Hogue case, supra, and accepting "personal service" to be such service as is set forth in R. C. P. 56, we hold that mailing of the notice, in the instant case, was not a compliance with section 103.15, and hence no violation of any law has been established under section 103.17.

Furthermore, pure logic dictates the same conclusion, at least as applicable to the instant statutes. The purpose of the statutory provisions is to obtain the corrections of faulty fire escapes by the owner by the use of the criminal courts, if neces-

sary. The statute (section 103.15) provides that the notice should be served upon the owner, if a resident of the county. To permit service in any manner that would convey the information to him, such as mailing, would be sufficient even though the owner was a child, an idiot or suffering from any other form of disability. We cannot believe the legislature so intended.

Appellee cites the case of North v. Kinney, 231 Iowa 951, 2 N.W.2d 407. That case deals with a statute that provides that notice be "given" and is not applicable to the instant case.

For the reasons above set forth the judgment of the trial court must be reversed and remanded with directions to enter a dismissal of the charge.—Reversed and remanded.

All JUSTICES concur.