**EASTERN IOWA LIGHT AND POWER COOPERATIVE, Complainant-Appellee,**

v.

**INTERSTATE POWER COMPANY, Respondent-Appellant,**

**Iowa State Commerce Commission, Appellant.**

**No. 53220.**

Supreme Court of Iowa.

Jan. 14, 1969.

O'Connor, Thomas, Wright, Hammer & Bertsch, Dubuque, Edward C. Halbach, Clinton, and Springer, Carstedt & Thompson, Chicago, Ill., for respondent-appellant.

Leo J. Steffen, Jr., Commerce Counsel, and Thomas N. Bolton, Asst. Commerce Counsel, for appellant Iowa State Commerce Commission.

Eckerman, McFerren, Fair & McGrath, Davenport, for complainant-appellee.

SNELL, Justice.

This is an interlocutory appeal, pursued by permission, from the district court's order overruling two special appearances. For convenience Eastern Iowa Light and Power Cooperative will be called "Cooperative." Interstate Power Company will be called "Interstate." Iowa State Commerce Commission will be called "The Commission."

Following a hearing before and as a result of a decision and order by the Commission involving conflicting claims by the two power companies, Cooperative felt aggrieved and attempted to appeal to the district court. Section 490A.13, Code of 1966, authorizes such an appeal. Appeal must be taken within thirty days. Section 490A.14, Code of 1966.

Within thirty days of the Commission's order counsel for Cooperative did two things.

He prepared a notice of appeal by Cooperative to the district court. The notice was addressed to the Commission, Interstate and their several attorneys by name. Neither the form nor content of the notice has been challenged.

He forwarded the notice and seven copies to the clerk of the district court by letter. The clerk was asked to file the original, assign a docket number and note the number on the face of the notice, complete the clerk's certificate on the original and all copies and "thereafter mail the copies to each of the named persons and organizations as set forth at the beginning of the notice."

The clerk did as requested. Proof of mailing on file shows that a "Notice of Appeal" was mailed to each of the parties named. No other notice was attempted.

Interstate and the Commission by separate instruments appeared specially challenging the jurisdiction of the district court on the ground that Cooperative did not serve a notice of appeal on the adverse parties as required by sections 490A.13 and 490A.14, Code of Iowa.

After extensive review of the statutes and authorities relating to the power of administrative agencies and appeals therefrom the trial court concluded that section 490A.2 of the Code authorized the Commission to prescribe a method of appeal and that the challenged notices were pursuant to commission rule 15.6(1). The special

appearances were overruled and appeal to our court followed.

We disagree with the trial court as to the power of or attempt by the Commission to prescribe the procedure for appeal from its own orders and reverse.

We conclude that the authorities relied on by the trial court are not controlling in the case before us.

I. Chapter 490A, Code of Iowa 1966, is entitled "Public Utility Regulation" and delegates considerable power and authority to the Commission.

Section 490A.2 provides:

"Powers-rules. The commission shall have broad general powers to effect the purposes of this chapter notwithstanding the fact that certain specific powers are hereinafter set forth. The commission shall have authority to issue subpoenas and to pay the same fees and mileage as are payable to witnesses in the courts of record of general jurisdiction and shall establish all needful, just and reasonable rules and regulations, *not inconsistent with law,* to govern the exercise of its powers and duties, *the practice and procedure before it,* and to govern the form, contents and filing of reports, documents and other papers provided for in this chapter or in the commission's rules and regulations. In the establishment, amendment, alteration or repeal of any of such rules and regulations, the commission shall be subject to the provisions of chapter 17A. * * * " (Emphasis added)

Chapter 17A mentioned in the statute relates to administrative rules and regulations and submission thereof to the Attorney General and Legislative Departmental Rules Review Committee. There is no issue before us as to the submission and publication of the rules pursuant to Chapter 17A.

Section 490A.2 of the 1966 Code of Iowa, quoted supra, authorizes the Iowa State Commerce Commission to make reasonable rules and regulations pertaining to the practice and procedure before the Commission but delegates no power to prescribe procedural rules as to the manner of serving notice of appeal to the district court.

Appellee disagrees and argues that Commission rules provided for the method of appeal to the district court.

Departmental Rule 15.6(1) provides:

"a. The Commission will prescribe such notices as are required by law in hearings contemplated in sections 3, 6, and 7 of chapter 490A, Code of Iowa. All other pleadings, including briefs, applications for further hearing or rehearing, and notices of appeal shall be served by the party filing same upon all parties to the proceeding, unless otherwise ordered by the commission. Proof of service shall accompany the filing with the commission.

"b. * * *

"c. Unless otherwise provided by the commission, service shall be made by delivering in person or by depositing in the United States mail, properly addressed with postage prepaid, one copy to each party entitled thereto. When any party or parties have appeared by attorney, service upon the attorney shall be deemed service upon such party or parties." * * *

In the case at bar the Notice of Appeal complied with this rule, i. e. there was proof of mailing.

Sections 3, 6 and 7 of Chapter 490A, Code of Iowa, referred to in the rule, relate to complaints and investigation as to rates and service by a public utility, change of rates and review by the Commission. They are not germane to our problem.

Section 490A.13 of the Code, and the controlling statute provides:

"Appeal to district court. Any party to any proceeding before the commission who is aggrieved by an order therein may take an appeal by serving a notice of appeal

upon the adverse party or parties and the commission and by filing said notice of appeal with the clerk of the district court of any county wherein the order of the commission or some part thereof is to take effect."

It should be noted that the only provision for appeal is "by serving a notice of appeal."

II. In this case the statute and rule use the word "appeal". The parties have treated the proceedings as an appeal to the district court and not an original proceeding. Rule 56, Rules of Civil Procedure, relates to original notice and not to appeal but the procedural meaning of the words "served", "serving" and "service" as indicated therein. The first paragraph of the rule says:

"Personal notice. Original notices are 'served' by delivering a copy to the proper person. Personal service may be made as follows: * * *"

The methods of service are then enumerated. Nowhere is there any authority for service by ordinary mail. Jurisdiction where the statute calls for serving a notice is not acquired by mailing a letter.

III. Courts do not have authority to sit in judgment upon everything that might come to their attention. Jurisdiction is acquired by statutory procedure. Absent a notice sufficient to meet the statutory requirements there is no jurisdiction even though from other sources there is actual knowledge. Krebs v. Town of Manson, 256 Iowa 957, 962, 129 N.W.2d 744.

Compliance with the rules relative to notice is mandatory. Bice v. Incorporated City of Urbandale, 258 Iowa 1013, 1015, 141 N.W.2d 639.

"The right of appeal is purely a creature of statute. If an appeal is to be taken

notice thereof must be given in substantial compliance with the statute. Failure to serve an adverse party within the time provided * * * is fatal to the jurisdiction of the district court." Merritt v. Interstate Power Company, Iowa, 153 N.W. 2d 489, 492.

Section 490A.13, quoted supra, provides for appeal "by serving a notice of appeal." Was a notice by mail in the case at bar a "serving" as required by statute? We have consistently held to the contrary.

In Ellis v. Carpenter, 89 Iowa 521, 523, 56 N.W. 678, we said: "When service is required it means personal service."

In Incorporated Town of Casey v. Hogue, 204 Iowa 3, 7, 214 N.W. 729, 731, this appears:

"The statute provides that the appeal is to be taken 'by serving notice thereof' on the clerk of the municipality. It is to be observed that the direction of the statute is that the notice shall be 'served.' When the statutory requirement is that a notice shall be served, and there is no further specific direction in the statute, two things are clearly implied: (1) That the notice shall be in writing; and (2) that it shall be served personally upon the party upon whom service is to be made. It is the general rule that, where a notice is required or authorized by statute in any legal proceedings, it must be in writing."

In Harrington v. City of Keokuk, 258 Iowa 1043, 1049, 1050, 141 N.W.2d 633, 637, we quoted from and considered State v. Hansen, 244 Iowa 145, 55 N.W.2d 923 in these words:

" 'The general rule appears to be that unless otherwise provided by statute the service of a notice must be personal. 66 C.J.S. Notice § 18(d); 39 Am.Jur., [Notice and Notices] Section 9.' It was further pointed out that we now have a very definite statement in rule 56 as to the meaning of the term 'served', and that a

mailed notice would not comply with personal service as set out in rule 56. It was said: 'We think that the terms "served" or "caused to be served", especially when used in connection with Official Notices, have acquired the peculiar and appropriate meaning given to "service of original notices", in the absence of anything to the contrary appearing. Reaffirming the rule announced in the Hogue case [Incorporated Town of Casey v. Hogue] supra [204 Iowa 3, 214 N.W. 729], and accepting "personal service" to be such service as is set forth in R.C.P. 56, we hold that mailing of the notice, in the instant case, was not a compliance with Section 103.15 * * *.' "

Section 4.1, Code of Iowa, provides:

"Rules. In the construction of the statutes, the following rules shall be observed, unless such construction would be inconsistent with the manifest intent of the general assembly, or repugnant to the context of the statute:

"1. * * *

"2. Words and phrases. Words and phrases shall be construed according to the context and the approved usage of the language; but technical words and phrases, and such others as may have acquired a peculiar and appropriate meaning in law, shall be construed according to such meaning." * * *

The words "by serving a notice of appeal upon the adverse party * * *" appearing in section 490A.13 of the Code have acquired a peculiar and appropriate meaning in our law. They mean personal service. The words in section 490A.13 mean personal service and in the case at bar there was no personal service. There was no notice of appeal pursuant to section 490A.13.

IV. Appellee argues and the trial court held that section 490A.13 is not controlling. It is argued that the promulgation by the Commission of its rule 15.6 was by statutory authority of section 490A.2 and made effective by publication and distribution pursuant to chapter 17A of the Code. It is then argued that it is a proper exercise of legislatively delegated authority for the Commission to prescribe the procedure for appeal to the district court. We think this is a misreading of the statute and an obvious non sequitur.

Many citations appear in the trial court's ruling and appellee's brief. We do not find that any of them go so far as to say that under a legislative delegation of power an administrative body may prescribe the rules by which an appeal is taken from its own ruling.

Rule 15.6(1) is a proper delegation of authority to the commission to regulate and provide for hearings within its own structure.

Section 490A.2, quoted supra, authorizes rules "not inconsistent with law."

Commission rule 15.1(1) says:

"Procedure Governed. These rules and regulations are promulgated under chapter 490A, Code of Iowa, as guides for practice and procedure thereunder *before the Iowa State Commerce Commission* * * *." (Emphasis added)

Rule 15.1(4) authorizes the appointment of examiners and provides for the final determination by an examiner subject to review by the Commission. The word "appeal" appearing in rule 15.6(1) refers to appeals to the Commission.

V. We have on many occasions considered the extent of delegated powers. Reference to only a few will suffice.

In City of Ames v. State Tax Commission, 246 Iowa 1016, 71 N.W.2d 15, we said:

"It will be noted that the rule making power of the commission may not be 'inconsistent with the provisions of this

chapter.' The function of the commission is an administrative one, and it may enact reasonable rules and regulations necessary in carrying out the legislative enactments. But it may not make law, or by rule change the legal meaning of the common law or the statutes. In Kistner v. Iowa State Board of Assessment and Review, 225 Iowa 404, 415, 280 N.W. 587, 593, we said: 'The Board does not have the right to legislate, and it is conceded * * * that it has no authority under the statute to adopt rules which are in the nature of laws. * * *' " (Loc. cit. 1022, 71 N.W. 2d loc. cit. 19)

In Holland v. State of Iowa, 253 Iowa 1006, 1010, 115 N.W.2d 161, 163, we said:

" * * * administrative rules cannot go further than the law permits. An administrative body may not use the device of promulgating rules to change or add to the law; they are not to be taken as law in themselves, but must be reasonable and used for the purpose of carrying out the legislative enactments. An administrative body may not make law or change the legal meaning of the common law or the statutes."

In Elk Run Telephone Co. v. General Telephone Co., Iowa, 160 N.W.2d 311, 315, 316, we said:

"It is generally recognized that some legislative power may be delegated to administrative bodies. The practice of doing so has increased as the range and complexity of governmental functions continue to expand. It has been said that government could not be efficiently carried out if something were not left to the judgment and discretion of administration officers to accomplish in detail what is authorized or required by law in general terms. Butler v. Commonwealth, 189 Va. 411, 53 S.E.2d 152. The test—not always easy to apply—is whether such delegation is a reasonable one permitting the administrative body only to 'fill in the details' to accomplish a general purpose or policy announced by the legislature itself or whether it abdicates to the administrative body the right to legislate."

In the case at bar to accept appellee's theory that the power to prescribe notice of appeal to the district court was delegated and exercised there would be much more than filling in details. It would be legislation completely changing the well recognized rules and meaning of words.

In Nishnabotna Valley Rural Electric Cooperative v. Iowa Power and Light Company, Iowa, 161 N.W.2d 348, 352, we said:

"In Consolidated Freightways Corporation of Delaware v. Nicholas, supra, 258 Iowa [115] at pages 121–122, 137 N.W.2d [900] at page 905, we said: 'However, it must be remembered that the plain provisions of the statute cannot be altered by an administrative rule or regulation, no matter how long it has existed or been exercised by administrative authority. Clarion Ready Mixed Concrete Co. v. Iowa State Tax Commission, 252 Iowa 500, 507, 107 N.W.2d 553, 558, and citations. To permit a commission or board to change the law by giving to the statute or Act an interpretation or construction of which its words are not susceptible would be a departure from the meaning expressed by the words of the statute. Hindman v. Reaser, 246 Iowa 1375, 72 N.W.2d 559. * * *' "

VI. Rule 15.6(1) of the Commission does not govern nor prescribe the rules for appeal from the Commission to the district court. We do not believe the Commission ever attempted to prescribe the rules for appeal from its own orders or ever intended its rules to be so construed.

The case is reversed and remanded to the district court with instructions to sustain the Special Appearances of Interstate Power Company and Iowa State Commerce Commission.

Reversed and remanded.

All Justices concur.