STATE of Iowa, Appellee,

v.

Martin TOLSDORF, Appellant.

No. 96–2057.

Supreme Court of Iowa.

Jan. 21, 1998.

Mark J. Rasmussen of Horak & Rasmussen Law Offices, Jefferson, for appellant.

Thomas J. Miller, Attorney General, Roxann M. Ryan, Assistant Attorney General, and Nicola Martino, County Attorney, for appellee.

Considered by McGIVERIN, C.J., and LARSON, CARTER, LAVORATO, and ANDREASEN, JJ.

LARSON, Justice.

Martin Tolsdorf was convicted of possession of marijuana without tax stamps in violation of Iowa Code section 453B.12 (1995). On appeal he contends that the court erred in denying his motion to suppress evidence seized in a warrantless search of his vehicle. The State contends that (1) Tolsdorf's notice of appeal was untimely, depriving this court of jurisdiction, and (2) the evidence was validly seized because the search was incident to Tolsdorf's arrest. We conclude that Tolsdorf's notice of appeal was timely, but we reject his argument on its merits.

### I. *Facts and Proceedings.*

Tolsdorf was spotted at a Jefferson, Iowa, restaurant by a deputy sheriff who believed him to be the subject of an outstanding arrest warrant. The deputy asked Tolsdorf to accompany him to his patrol car to radio for information on the warrant. Tolsdorf complied. The deputy confirmed that Tolsdorf was indeed the subject of a warrant, and he arrested Tolsdorf as the two sat in the deputy's car.

Tolsdorf inquired whether his pickup truck would be towed away, and the deputy told him that it would not. Tolsdorf asked permission to lock the truck, and the deputy agreed. Tolsdorf and the deputy walked to the truck. The deputy testified that, when they arrived at the truck, Tolsdorf entered it and began to move items around on the floor. The deputy asked if he could search the vehicle, and Tolsdorf refused. The deputy then told Tolsdorf that he would search the truck anyway as a search incident to the arrest, and he did. The deputy found a black leather bag on the floor in which he found marijuana.

Tolsdorf's version of the facts was somewhat different. According to Tolsdorf, he went to the vehicle, knelt on the driver's seat, and leaned across to lock the passenger side door. He denied moving items around on the floor. He testified that the search occurred after he left the truck. Tolsdorf moved to suppress the evidence seized from his pickup on the ground that the search was illegal.

### II. *The Notice of Appeal.*

Tolsdorf was sentenced on October 14, 1996. Under Iowa Rule of Appellate Procedure 101, an appeal from a judgment of conviction must be "taken" within thirty days of the judgment. Thirty days would expire on November 13, 1996. It is undisputed that Tolsdorf's notice of appeal was not actually filed in the district court clerk's office until November 14, 1996, thirty-one days after the entry of the judgment. The State argues that Tolsdorf's notice of appeal was therefore untimely.

While the notice of appeal was not actually filed in the clerk's office within the thirty days following the judgment, it was served on the thirtieth day by mailing copies to the Greene County Attorney, the attorney general's office, and the clerk of the supreme court. Iowa Rule of Civil Procedure 82(d) provides:

> Whenever these rules or the rules of appellate procedure require a filing with the district court or its clerk within a certain time, the time requirement shall be tolled when service is made, provided the actual filing is done within a reasonable time thereafter.

Although rule 82(d) ostensibly applies only to appeals in civil cases, it is equally applicable in criminal cases because of Iowa Rule of Appellate Procedure 101, which states that appeals in criminal cases "shall be taken and perfected ... in the manner prescribed by the rules of appellate procedure relating to appeals in civil cases."

Because the notice of appeal was served within the time provided by our rules, the appeal was timely even though it was not filed in the clerk's office until after thirty days. We therefore reject the State's jurisdiction argument and address the merits of Tolsdorf's appeal.

### III. *The Search.*

Tolsdorf raises constitutional issues regarding the search of his vehicle, and our review is therefore de novo. We make an independent evaluation of the totality of the circumstances based on the entire record. *State v. Meyer,* 543 N.W.2d 876, 877 (Iowa

1996). Warrantless searches and seizures are per se unreasonable unless the State proves by a preponderance of the evidence that one of the recognized exceptions to the warrant requirement applies. *State v. Howard*, 509 N.W.2d 764, 766 (Iowa 1993). One exception is a search incident to arrest, *id.* at 766–67, and the State relies on that exception here.

In an attempt to draw a bright-line rule in cases involving vehicle searches incident to arrest, the Supreme Court held in *New York v. Belton* that

> when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile.

453 U.S. 454, 460, 101 S.Ct. 2860, 2864, 69 L.Ed.2d 768, 775 (1981) (footnotes omitted). We have applied the *Belton* rule to uphold the search of a vehicle as an incident to an arrest for speeding. *See, e.g., Meyer*, 543 N.W.2d at 878–79.

■ Tolsdorf was arrested before he walked to his truck, and the deputy's car, in which he had been arrested, was several parking spaces from Tolsdorf's truck. Nevertheless, the search was close enough in time and location to the actual arrest that the *Belton* rule applies. As one authority has stated:

> In the premises-search cases, courts have recognized that if for some good reason the defendant is allowed to move about the premises after his arrest, then these movements will open up new areas which come within his "immediate control" and thus are subject to search. *A somewhat similar situation may occasionally occur with respect to a vehicle. Thus, a defendant who was not occupying his vehicle but was arrested near it might then obtain permission from the police to secure the car and its contents. His movements in closer proximity to the car or into the vehicle, it would seem, will provide a basis for a search of part of the auto which otherwise could not be subjected to search under Chimel [v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969)].* Courts must be alert, however, to the possibility that the police caused the defendant to move toward or into the vehicle so that they could rely upon that movement to justify what would otherwise be an unreasonable search of the car.

3 Wayne R. LaFave, *Search and Seizure: A Treatise on the Fourth Amendment* § 7.1(b), at 442 (3d ed.1996) (emphasis added) (footnotes omitted).

■ Tolsdorf also argues that the search of a black bag in the truck, which contained the marijuana, was impermissible. However, as the Supreme Court said in *Belton*, if the search of the vehicle is permissible,

> the police may also examine the contents of any containers found within the passenger compartment, for if the passenger compartment is within reach of the arrestee [to produce a weapon or secrete evidence], so also will containers in it be within his reach.

*Belton*, 453 U.S. at 460, 101 S.Ct. at 2864, 69 L.Ed.2d at 775.

■ Although Tolsdorf's arrest did not directly involve his driving (it was for his failure to appear on another charge) and although he was not an occupant of his vehicle when he was arrested, we hold that he was an occupant for purposes of applying the *Belton* rule. By Tolsdorf's own testimony, he had entered his truck to lock the passenger door immediately following his arrest. Whether we accept Tolsdorf's version of the facts or the deputy's, Tolsdorf was clearly an occupant for purposes of the *Belton* rule. We therefore reject his Fourth Amendment argument.

**AFFIRMED.**