**Duane GEORGE, Appellant,**

v.

**KEOKUK COUNTY BOARD OF SUPERVISORS and Keokuk County Engineer, Appellees.**

No. 99–1805.

Supreme Court of Iowa.

May 8, 2002.

failed to accord him the hiring preference provided by Iowa Code chapter 35C (1999). The district court dismissed the appeal, and we affirm.

Duane George is a veteran of the Vietnam war. He applied for an equipment operator's position with the Keokuk County Highway Department. Approximately twenty other people also applied for the position. George was notified on July 26, 1999, that another applicant had been hired. The board of supervisors approved hiring the successful candidate on August 2.

George mailed to both the board and the county engineer a "notice of appeal," claiming a veteran's preference for the job position under chapter 35C. The board received the mailed notice and responded by providing the statutorily required information before it raised any objection to the mailed notice of appeal. It later objected to the mailed notice through its motion to dismiss.

Iowa Code section 35C.5 provides the method of appealing the board's decision in a veteran's preference case.

In addition to the remedy provided in section 35C.4 [mandamus], an appeal may be taken ... from any refusal to allow [a veteran's] preference, as provided in this chapter, to the district court of the county in which such refusal occurs. The appeal shall be made by *serving* upon the appointing board within twenty days after the date of the refusal of said appointing ... board ... to allow said preference, a written notice of such appeal stating the grounds of the appeal; a demand in writing for a certified transcript of the record, and all papers on file in the office affecting or relating to said appointment.

James C. Larew of Larew Law Office, Iowa City, for appellant.

Carlton G. Salmons of Gaudineer & Comito, L.L.P., West Des Moines, for appellees.

LARSON, Justice.

Duane George, who applied for a job with the Keokuk County Highway Department, claimed the board of supervisors

(Emphasis added.) The meaning of the word "serving" is at the heart of this appeal.

On September 15, 1999, the board moved to dismiss the appeal to district court, claiming George had failed to comply with the statutory requirements for perfecting an appeal. Specifically, the board argued that George mailed his notice of appeal, and as a matter of law, that does not constitute "service" under the statute.

■ George resisted the motion to dismiss, claiming that, because Iowa Code section 35C.5 is silent on how to serve a notice of appeal, service by ordinary mail, according to Iowa Rule of Civil Procedure 106, should suffice. (Rule 106 has recently been renumbered as rule 1.442.) He contends mailed notice is sufficient because, as an appeal, "service" should be controlled by Iowa Rule of Appellate Procedure 6 (recently renumbered as rule 6.6), which by referring to Iowa Rule of Civil Procedure 106, allows for service by mail.

We disagree with this analysis. Appeals to this court are not perfected by mailing but by *filing* a notice of appeal in the district court. Iowa R.App. P. 6(a).[1] The provision under rule 6 for serving by mail is for serving other parties: "The appellant shall serve a copy of the notice on each other party or his counsel in the manner prescribed in R.C.P. 106." This mailed notice is not the means of perfecting an appeal to our court; in fact, we have held that mailed service of notice to other parties is not even jurisdictional. *See Rowen v. LeMars Mut. Ins. Co. of Iowa*, 347 N.W.2d 630, 638 (1984) ("Because an appeal may be 'taken and perfected' without service of the notice, we conclude that notice is not jurisdictional.").

■ George relies on rule 106, which allows service by mail. However, the rule is applicable to "everything required by *these rules* to be filed ... and every written notice ... and similar paper shall be served upon each of the parties." Iowa R. Civ. P. 106(a). Rule 106(b), in turn, provides "[s]ervice shall be made by delivering [or] mailing ... a copy to the attorney or the party at the attorney's or party's last known address...." (Emphasis added.) George's reliance on the mailing provisions of rule 106 is misplaced because the rule is inapplicable by its terms; it applies only to notices and other papers "required by these rules [of civil procedure]." Iowa R. Civ. P. 106(a). The notice at issue in this case is not required by our rules but by statute. Rule 106 is therefore inapplicable. *See In re Elliott*, 319 N.W.2d 244 (Iowa 1982).

> Elliott argues this rule [regarding service of notice] should be liberalized by adopting the concepts of rule of civil procedure 82(b) [later rule of civil procedure 106], which with respect to papers required to be filed and served "by these rules" provides that service may be made by mail and that service is complete upon mailing. The [civil service] appeal procedure, however, is not controlled by "these rules".... Although appeals to this court may be implemented by rule [106], that is because Iowa Rule of Appellate Procedure 6(a) specifically so provides.

*Id.* at 247. In *Elliott* we held the mailing of notice of appeal in circumstances similar to this case was insufficient to vest appellate jurisdiction in the district court. *Id.; see also State v. Hansen*, 244 Iowa 145,

---

**1.** While filing is required to perfect an appeal, it is true that serving a notice of appeal by mail is sufficient to toll the time requirement for filing so long as the actual filing is accomplished within a reasonable time. *See* Iowa R. Civ. P. 106(d); *State v. Tolsdorf*, 574 N.W.2d 290, 291 (Iowa 1998).

148, 55 N.W.2d 923, 924 (1952) (statutory requirement that fire inspector "serve or cause to be served" notice of violations of fire code not satisfied by mailed notice). In *Hansen* we said, as to served notices in general,

> the terms "served" or "caused to be served", especially when used in connection with Official Notices, have acquired the peculiar and appropriate meaning given to "service of original notices" in the absence of anything to the contrary appearing.

244 Iowa at 148, 55 N.W.2d at 924. George does not contend the board waived any objection it had to the defective service by responding to the mailed notice and producing the papers required by chapter 35C.

We hold that the district court properly dismissed the appeal for George's failure to serve notice of his appeal on the county board of supervisors. *Elliott,* 319 N.W.2d at 247.

The board of supervisors, as an alternative argument, contends that George waived his right to appeal by maintaining a mandamus action in district court while he was pursuing an appeal to this court. It is unnecessary to address this argument in view of our disposition of the case. We conclude the dismissal of the appeal should be affirmed, and it is so ordered.

**AFFIRMED.**