# IN THE COURT OF APPEALS OF IOWA

No. 21-1228
Filed November 17, 2022

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**CARSON BRUCE SINCLAIR,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Story County, Steven P. Van Marel,

District Associate Judge.


        Carson Sinclair appeals his conviction for operating a vehicle without the

owner's consent.  **AFFIRMED.**


        Shawn Smith of The Smith Law Firm, PC, Ames, for appellant.

        Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant

Attorney General, for appellee.


        Considered by Bower, C.J., Tabor, J., and Potterfield, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2022).

**BOWER, Chief Judge.**

Carson Sinclair was charged with second-degree theft of a motor vehicle but was convicted of the lesser-included offense of operating a motor vehicle without the owner's consent, in violation of Iowa Code section 714.7 (2021). Sinclair appeals the denial of his request that the court instruct the jury on the definition of "operating a motor vehicle." We affirm.

"[W]e generally review a district court's refusal to give a requested jury instruction for errors at law; however, if the jury instruction is not required but discretionary, we review for an abuse of discretion." *State v. Davis*, 975 N.W.2d 1, 8 (Iowa 2022) (alteration in original) (citations omitted). "[W]e consider the jury instructions as a whole rather than in isolation to determine whether they correctly state the law." *Id.* (alteration in original) (citation omitted).

"In Iowa all crimes are statutory." *State v. Hansen*, 55 N.W.2d 923, 923 (Iowa 1952). "A strict construction of a criminal statute against the State is the recognized rule and the burden is upon the State to prove every element essential to constitute the crime charged." *Id.* at 924. The elements of an offense are defined by the statute.

Iowa Code section 714.7 states: "Any person who shall take possession or control of any . . . self-propelled vehicle . . . the property of another, without the consent of the owner of such, but without the intent to permanently deprive the owner thereof, shall be guilty of an aggravated misdemeanor." Sinclair concedes "operating" is not an explicit element of the offense. Nonetheless, Sinclair argues:

> [T]he court erred when it refused to add the definition of "operating" to the jury instructions for the charge of operating without owner's consent. Although the operating without owner's consent as codified

under Iowa Code [section] 714.7 does not list "operating" as an element of the crime, when the crime was moved from chapter 321 of the Iowa Code to chapter 714, the legislature maintained the term "operating" in the title of the section. Implicit in the title of the crime is that the someone must be "operating" a motor vehicle for it to satisfy the elements of the crime.

We cannot agree.

Iowa Code section 3.3(1) states:

Proper headnotes may be placed at the beginning of a section of a bill or at the beginning of a Code section or Code section subunit. However, except as provided for the uniform commercial code pursuant to section 554.1107, headnotes shall not be considered as part of the law as enacted.

Sinclair offers no authority in support of his proposition that the mere use of the term in the heading of the offense can add an element to an offense that is not included in the statute. *See* Iowa R. App. P. 6.903(2)(g)(3) ("Failure to cite authority in support of an issue may be deemed waiver of that issue.").

The primary purpose of statutory interpretation is to determine legislative intent. *State v. Johnson*, 630 N.W.2d 583, 586 (Iowa 2001). We "glean[] this intent from the words used by the legislature." *Id.* "We do not speculate as to the probable legislative intent apart from the words used in the statute." *State v. Tague*, 676 N.W.2d 197, 201 (Iowa 2004) (citation omitted). "[W]hen a statute is plain and its meaning is clear, courts are not permitted to search for meaning beyond its expressed terms." *State v. Welton*, 300 N.W.2d 157, 160 (Iowa 1981). Here, the district court did not err in concluding, "By the clear language of [section] 714.7, operating is not an element of the offense."

"Iowa law requires a court to give a requested jury instruction if it correctly states the applicable law and is not embodied in other instructions." *Alcala v.*

*Marriott Int'l, Inc.*, 880 N.W.2d 699, 707 (Iowa 2016) (citation omitted). Here, the jury was properly instructed about the two statutory elements:[1]

> The State must prove all of the following elements of Operating a Motor Vehicle Without Owner's Consent:
> 1. On or about December 7, 2020, Carson Sinclair intentionally took possession or control of an automobile belonging to [a car dealership].
> 2. The possession or control was without consent of [the car dealership].
> If the State has proved all of the elements, Carson Sinclair is guilty of Operating a Motor Vehicle Without Owner's Consent. If the State has failed to prove any element, then Carson Sinclair is not guilty of the lesser included offense of Operating a Motor Vehicle Without Owner's Consent.

Finding no error in the court's denial of an instruction on "operating," we affirm.

**AFFIRMED.**

---

[1] This instruction mirrors Iowa State Bar Association, Iowa Criminal Jury Instruction 1400.24, which provides:
> The State must prove both of the following elements of Operating Without Owner's Consent:
> 1. On or about the _____ day of _____, 20___, the defendant intentionally took possession or control of an automobile belonging to (victim).
> 2. The possession or control was without consent of (victim).
> If the State has proved both of the elements, the defendant is guilty. If the State has failed to prove either of the elements, the defendant is not guilty.