Marian Russell *v.* R. N. Russell
Welding, Inc., et al.
(14643)

Peters, C. J., Callahan, Borden, Katz and Palmer, Js.

Argued June 1—decision released July 20, 1993

*James P. Brennan,* for the appellant (plaintiff).

*William C. Brown,* with whom, on the brief, was *Christine C. Murphy,* for the appellees (named defendant et al.).

*Scott Wilson Williams,* for the appellees (defendant Wesson, Inc., et al.).

PALMER, J. This appeal requires us to interpret the statutory notice and service requirements that permit a corporate officer who is also an employee of a corporation to elect to be excluded from coverage under the Workers' Compensation Act (act)[1] upon notice to the employer and the designated workers' compensation commissioner. See General Statutes (Rev. to 1989) § 31-275 (5) (E), now recodified as § 31-275 (9) (B) (v), § 31-275 (6) (D), now recodified as § 31-275 (10) (D), and § 31-321.[2] The plaintiff, Marian Russell, appeals[3] from the decision of the workers' compensation review board (board) affirming the denial of an award by the workers' compensation commissioner for the fifth district (commissioner). The plaintiff claims that the board improperly concluded that the exclusion form signed

---

[1] General Statutes §§ 31-275 through 31-355a.

[2] General Statutes (Rev. to 1989) § 31-275 (5) (E), now recodified as § 31-275 (9) (B) (v), provided that the "term ['employee'] shall not be construed to include . . . (E) an employee of a corporation who is a corporate officer and who elects to be excluded from coverage under this chapter by notice in writing to his employer and to the commissioner having jurisdiction."

General Statutes (Rev. to 1989) § 31-275 (6) (D), now recodified as § 31-275 (10) (D), provided that "the employer may withdraw his acceptance [of the provisions of this chapter] and the acceptance of the employee by filing a written or printed notice of his withdrawal with [the] commissioner and with [the] employee . . . . The notices of acceptance and withdrawal to be given by an employer . . . and the notice of withdrawal to be given by the employee . . . shall be served upon [the] commissioner, employer or employee, either by personal presentation or by registered or certified mail. . . ."

General Statutes § 31-321 provides in relevant part: "MANNER OF SERVING NOTICES. Unless otherwise specifically provided, or unless the circumstances of the case or the rules of the commission direct otherwise, any notice required under this chapter to be served upon an employer, employee or commissioner shall be by written or printed notice, service personally or by registered or certified mail addressed to the person upon whom it is to be served at his last-known residence or place of business."

[3] The plaintiff appealed from the decision of the workers' compensation review board to the Appellate Court, and we transferred the appeal to this court pursuant to Practice Book § 4023 and General Statutes § 51-199 (c).

by her spouse, the decedent Robin N. Russell, effectively excluded his dependents from receiving workers' compensation benefits. That conclusion was mistaken, according to the plaintiff, because the exclusion form had not been properly served on the decedent's corporate employer. We disagree, and we affirm the decision of the board.

The facts relevant to this appeal are undisputed. The decedent was the president, treasurer, agent for service of process and sole shareholder of R. N. Russell Welding, Inc. (Russell Welding).[4] He died in an explosion in Waterbury on April 12, 1989, during the course of his employment with Russell Welding as a subcontractor for Wesson, Inc. (Wesson).[5] Prior to his death, the decedent, against the advice of his insurance agent, had executed an exclusion form that stated his election to exclude himself and his dependents from coverage under the act.[6] The decedent, therefore, was not charged and did not pay any premiums for workers' compensation insurance.

The parties stipulated that the exclusion form had been properly served on the compensation commis-

[4] The following parties comprise the defendants in this case: R. N. Russell Welding, Inc., and its workers' compensation insurer, Wausau Insurance Company, and Wesson, Inc., and its workers' compensation insurer, Fireman's Fund Insurance Company.

[5] The decedent had been using a torch to cut into pieces a large underground gasoline storage tank.

[6] Form No. 6B, entitled "Form For Exclusion From Coverage By Workmen's Compensation Law By Employee Who Is A Corporate Officer," was signed by the decedent, witnessed and dated May 27, 1987. The form states: "This notice should be served upon the Commissioner and employer by personal presentation or by registered or certified mail." It is not disputed that the decedent elected to exclude himself and his dependents from workers' compensation coverage against the advice of his insurance agent and that the decedent did not pay any premiums for workers' compensation insurance.

sioner,[7] but there was no evidence that the decedent had mailed a copy of the exclusion form or other written notice of his election by registered or certified mail to Russell Welding. The plaintiff claimed at the hearing before the commissioner that because the decedent had failed to mail such notice to Russell Welding, the decedent and his dependents were covered by the act and, therefore, were entitled to receive workers' compensation benefits. The commissioner concluded, however, that under the circumstances the decedent's execution of the exclusion form had satisfied the statutory requirement of service of notice upon Russell Welding. Upon appeal by the plaintiff, the board unanimously affirmed the denial of an award by the commissioner.

In this court, the plaintiff argues that the board improperly denied her claim because: (1) notice of the decedent's election had not been properly served on Russell Welding; and (2) the exclusion form was not effective against Wesson as a principal employer. We disagree with both arguments.

I

The plaintiff's claim that the board improperly concluded that the exclusion form had been served on the decedent's corporate employer as required by statute is without merit. Section 31-275 (5) (E) provides that "an employee of a corporation who is a corporate officer and who elects to be excluded from coverage under this chapter by notice in writing to his employer" shall do so as provided by §§ 31-275 (6) (D) and 31-321. Those sections direct that notice to an employer shall be given either by certified or registered mail or by personal service.

---

[7] The commissioner received the form by certified mail on October 13, 1987. There was no evidence that the decedent ever withdrew his election.

It is not disputed that the decedent personally signed the exclusion form that was forwarded to the workers' compensation commission. The commissioner and the board found that Russell Welding had received notice of the decedent's election at the time the decedent had executed the written exclusion form, and that such notice satisfied the statutory requirement of personal service. Because the decedent was Russell Welding's president, treasurer, agent for service of process and sole shareholder when he executed the form, we agree that the notice and service requirements of the statute have been met. The corporation had contemporaneous written notice of the decedent's election to exclude himself from workers' compensation coverage when the decedent completed the exclusion form.

The plaintiff contends that because there is no evidence that the exclusion form was ever actually delivered to the corporate office, the decedent's election to exclude himself from coverage under the act was ineffective and that his dependents, therefore, are entitled to receive workers' compensation benefits. The plaintiff concedes that the result she urges directly contradicts the express intent of the decedent and the clear understanding of the defendants that the decedent was not to be covered. She argues, however, that the service and notice requirements of §§ 31-275 (6) (D) and 31-321 must be strictly construed; see *Chairman* v. *Freedom of Information Commission,* 217 Conn. 193, 200, 585 A.2d 96 (1991); *Pacelli Bros. Transportation, Inc.* v. *Pacelli,* 189 Conn. 401, 414, 456 A.2d 325 (1983); and that they were not satisfied in this case. The plaintiff's argument fails, however, because in these circumstances the corporation must be deemed to have been personally presented with actual notice of the decedent's election upon his completion of the exclusion form. Physical delivery of the form to the corporate office, therefore, was not necessary.

## II

The plaintiff next asserts that the board improperly concluded that it need not review the commissioner's finding that Wesson was not the decedent's principal employer pursuant to General Statutes § 31-291.[8] We agree with the board that this issue need not have been reviewed because the decedent's election to withdraw from coverage under the act precluded his dependents from receiving workers' compensation benefits from either Russell Welding or Wesson.

Section 31-291 requires that a principal employer "pay all compensation under this chapter to the same extent as if the work were done without the intervention of [a] contractor or subcontractor." Sections 31-275 (5) (E) and 31-275 (6) (D), however, authorize a corporate officer who is also an employee of the corporation to elect to be excluded from coverage under the act. The execution of the exclusion form and its proper service on the commissioner and the decedent's corporate employer, Russell Welding, thereby excluded the decedent and his dependents from coverage under the act. Wesson was entitled to rely upon the decedent's election, notice of which had been properly served upon

[8] "[General Statutes] Sec. 31-291 PRINCIPAL EMPLOYER, CONTRACTOR AND SUBCONTRACTOR. When any principal employer procures any work to be done wholly or in part for him by a contractor, or through him by a subcontractor, and the work so procured to be done is a part or process in the trade or business of such principal employer, and is performed in, on or about premises under his control, such principal employer shall be liable to pay all compensation under this chapter to the same extent as if the work were done without the intervention of such contractor or subcontractor. The provisions of this section shall not extend immunity to any principal employer from a civil action brought by an injured employee or his dependent under the provisions of section 31-293 to recover damages resulting from personal injury or wrongful death occurring on or after May 28, 1988, unless such principal employer has paid compensation benefits under this chapter to such injured employee or his dependent for the injury or death which is the subject of the action."

the commissioner and Russell Welding. We conclude, therefore, that the decedent's dependents would not be entitled to receive workers' compensation benefits from Wesson even if the commissioner had found that Wesson was a principal employer under § 31-291.[9]

The decision is affirmed.

In this opinion the other justices concurred.

---

[9] The defendants also claim that: (1) the decedent waived his right to receive workers' compensation benefits; see General Statutes § 31-298; *Novella* v. *Hartford Accident & Indemnity Co.,* 163 Conn. 552, 316 A.2d 394 (1972); and (2) the plaintiff's claim is barred by the doctrine of estoppel. Because we conclude that notice of the decedent's election to exclude himself from coverage under the act was properly served on the corporation, we need not reach these claims.