[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: APPLICATION TO VACATE AND MODIFY ARBITRATIONAWARD (MOTIONS 103.00, 103.5 AND MOTIONS 101 AND 102)
On September 27, 1995, the claimants, Steven and Geraldine McDonough, filed an application for vacation, modification and correction of an arbitration award granted on August 28, 1995. The respondents, Kemper National Insurance Companies ("Kemper")[1]
also filed an application to vacate the arbitration award and an order to show cause. The parties allege the following facts: on January 10, 1991, the claimant, Steven McDonough, was severely injured in an automobile accident caused by an underinsured motorist which occurred during and within the course of McDonough's employment with McDonough Carpentry, Inc. The tortfeasor's liability policy was exhausted and arbitration was commenced to recover $950,000.00 in underinsured motorists benefits provided under two applicable CT Page 3744 policies sold to the claimant by Kemper. At issue during arbitration was whether the exclusivity provisions of the Workers' Compensation Act, General Statutes § 31-275, et seq., was a bar to McDonough's underinsured motorist ("UIM") claim. The arbitration panel rejected Kemper's claim that McDonough's underinsurance claim was barred by the Workers' Compensation Act and awarded $950,000.00 in damages. The arbitrators found, however, that because McDonough did not properly file the exclusion form required to opt out of the workers' compensation system, he only excluded himself from his contractual rights under the workers' compensation insurance policy and not from his statutory rights under the Workers' Compensation Act. Thus, the arbitrators found that since McDonough could have applied for compensation benefits through the Second Injury Fund at the time of his accident, they awarded Kemper a credit in the amount of $276,000.00 for workers' compensation benefits which would have been payable had McDonough timely filed a workers' compensation claim within one year of the accident. The arbitrators also found that since the underinsurance benefits had been exhausted, there was no available coverage for Mrs. McDonough's loss of consortium claim.
Kemper argues that the arbitrators incorrectly ruled that the exclusivity provision of the Workers' Compensation act was not a bar to McDonough's underinsured motorist action against a policy issued to the employer, and incorrectly found that McDonough was not an employee by statutory definition at the time of the accident.
McDonough argues that the arbitrators erroneously awarded Kemper a credit in the amount of $276,000.00 for workers' compensation benefits which would have been payable through the second injury fund, since this is inconsistent with the finding that he was not an employee at the time of the accident. Furthermore, McDonough argues that even if he was found to be an employee at the time of the accident, Kemper, through its conduct and actions have waived and are estopped from asserting the Workers' Compensation Act as a defense to disclaiming coverage.
"Our Supreme Court has recently articulated the appropriate standard of judicial review of . . . compulsory arbitration proceedings. Where judicial review of compulsory arbitration proceedings . . . is undertaken under General Statutes § 52-418, the reviewing court must conduct a de novo review of the interpretation and application of the law by the arbitrators." (Internal quotation marks omitted.) American Universal Ins. Co. v.CT Page 3745DelGreco, 205 Conn. 178, 191, 530 A.2d 171 (1987). Furthermore, "[f]actual findings of an arbitration panel considering underinsured motorist coverage are subject to de novo review by the courts using a substantial evidence standard of judicial review."Rydingsword v. Liberty Mutual Insurance Company, 224 Conn. 8, 21,615 A.2d 1032 (1991).
The provision which provides for arbitration in the insurance policy is mandatory and provides for no other alternative. Thus, this court may conduct a de novo review of the arbitration decision.
The arbitrators made the following finding of fact: "[i]f, within one year of the accident, claimant had filed a workers' compensation claim, he would have been entitled to workers' compensation benefits under the statute, from the Second Injury Fund." However, the arbitrators stated that "[w]hen claimant opted out of the workers' compensation coverage in an attempt to opt out of statutory workers' compensation benefits, insofar as claimant, respondent and respondent's insured McDonough Carpentry, Inc. were concerned, claimant was no longer an employee by statutory definition." Thus, the arbitrator's finding of fact that McDonough was entitled to workers' compensation coverage is inconsistent with the finding of law that he was no longer an employee under the Workers' Compensation Act.
General Statutes § 31-275 (9)(B)(v) states that an employee shall not be construed to include: "[a]n employee of a corporation who is a corporate officer and who elects to be excluded from coverage under this chapter by notice in writing to his employer and to the commissioner. . . ." General Statutes § 31-321
provides, in pertinent part: "any notice required under this chapter to be served upon [a] . . . commissioner shall be by written or printed notice, service personally or by registered or certified mail addressed to the person upon whom it is to be served at his last known residence or place of business." The arbitrators found that "by some act or omission of the claimant and/or the independent agent, the statutorily required filing which would have exempted the claimant from the statutory worker's compensation benefits was not made." (Arbitrator's Decision, August 28, 1995). Thus, McDonough was still an employee at the time of the accident since he had not effectively opted out of the workers' compensation system. See Russell v. R.N. Russell Welding, Inc.,226 Conn. 508, 627 A.2d 1344 (1993). CT Page 3746
As a result of this outcome, the arbitrators created an exception to the general rule that an employee's exclusive remedy against his employer for work related injuries is by bringing a workers' compensation claim. General Statutes § 31-284. No caselaw has been found to support the arbitrators' finding of law that carves out an exception to the general rule. Thus, the arbitration decision is vacated pursuant to General Statutes § 52-418 (4).[2]
Despite the fact that McDonough was still an employee at the time the accident took place, Kemper may have waived and/or be estopped from asserting the exclusivity of the Workers' Compensation Act as a defense to disclaiming coverage under McDonough's UIM policy.
The claimants contend that during the arbitration hearing, they attempted to introduce evidence to prove that Kemper had waived its right to disclaim coverage for McDonough's underinsurance claim and/or, by its actions, was estopped from denying coverage. (Transcript at 329-41; 400-02; 407-26). However, the arbitrators excluded any evidence showing waiver and/or estoppel.
The arbitrators erred in excluding this evidence and therefore, their decision is vacated and the case is remanded back to arbitration so that the arbitrators may consider evidence to determine whether the claimants have a valid waiver and estoppel claim.[3] The court has the authority to remand a decision to the original arbitrators pursuant to General Statutes § 52-418 (b) which states: "[i]f an award is vacated and the time within which the award is required to be rendered has not expired, the court or judge may direct a rehearing by the arbitrators." If the time to render an award has expired, the court may remand the decision to a second arbitration hearing. Aetna Life Casualty Co. v. Bulaong,218 Conn. 51, 64, 588 A.2d 138 (1991).
Waiver is the "intentional relinquishment of a known right." (Citation omitted; internal quotation marks omitted.) Hanover Ins.Co. v. Fireman's fund Ins. Co., 217 Conn. 340, 351, 586 A.2d 567
(1991). "Waiver can be either express or may consist of acts or conduct from which waiver may be implied. . . . An insurer waives its right to disclaim based upon a breach of a policy condition if it has knowledge of the facts giving rise to the disclaimer, but elects to continue its defense." (Citations omitted; internal quotation marks omitted.) National Casualty Ins. Co. v. Stella,26 Conn. App. 462, 464, 601 A.2d 557 (1992). CT Page 3747
"The essential elements of estoppel are that the party against whom estoppel is claimed must do or say something calculated or intended to induce another party to believe that certain facts exist and to act on that belief; and the other party must change its position in reliance on those facts, thereby incurring some injury. . . ." (Citations omitted; internal quotation marks omitted.) Hanover Ins. Co. v. Fireman's Fund Ins. Co., supra,217 Conn. 351.
"A waiver of any condition of an insurance policy may be effected by express agreement or conduct of the insurer from which a waiver may be implied." Andover v. Hartford Accident Indemnity,153 Conn. 439, 445, 217 A.2d 60 (1960). Moreover, although it has been held that "the doctrine of waiver and estoppel cannot be used liability . . . an insurer may be estopped, by its conduct or its knowledge or by statute from insisting on a forfeiture." LinemasterSwitch v. Aetna Life Casualty Ins., Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 396432 (July, 31, 1995, Corradino, J.) Furthermore, in Jenkins v.Indemnity Ins. Co., 152 Conn. 249, 205 A.2d 780 (1964), the court found a waiver of an insurance company's right to disclaim coverage where the company originally acknowledged that the policy covered the claim and also investigated the claim.
The claimants should be given an opportunity to submit evidence so that the arbitrators may determine whether a valid claim for waiver and/or estoppel exist which would preclude Kemper from disclaiming coverage under the UIM policy. Accordingly, the arbitration decision is vacated and the case is remanded back to arbitration so that they may consider the claimants' waiver and estoppel argument.
KARAZIN, J.