[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The issue in this tax appeal is whether "service" of notice of a decision of the commissioner is complete upon the day of mailing or complete upon receipt by the taxpayer.
In this action, the plaintiff taxpayer claims it is aggrieved by the action of the commissioner in denying the plaintiff the use of the "Three Factor Formula" during an audit period to apportion income to Connecticut. On April 28, 1997, the plaintiff received a letter, through the U.S. Postal Service, at its accountant's office in New York, New York denying the plaintiff's claim. The parties agree that the letter from the commissioner was mailed prior to April 28, 1997. The plaintiff appealed the decision of the commissioner by service on the commissioner on May 28, 1997.
The commissioner now moves to dismiss this action claiming that the term "service," within the meaning of § 12-237[1]
calls for an appeal within thirty days of the mailing of the notice of the decision by the commissioner. Since the parties agree that the notice was mailed prior to April 28, 1997, the commissioner argues that the plaintiff's service of the appeal on May 28, 1997 was too late to comply with § 12-237.
The plaintiff's position is that "service" within §12-237 means service is complete when received by the taxpayer; therefore, the thirty day appeal period would run from April 28, 1997, not prior thereto.
The definition of service of notice dealing with appeals from administrative agencies is a legislative function. Hanson v.Department of Income Maintenance, 10 Conn. App. 14, 16,521 A.2d 208 (1987). As an example, General Statutes § 46b-86, dealing CT Page 1242 with modifying periodic payments of alimony and support, requires service of notice by a sheriff or deputy sheriff, constable or other statutorily authorized officer, not merely by mailing the notice. Shedrick v. Shedrick, 32 Conn. App. 147, 151,627 A.2d 1387 (1993). General Statutes § 31-275 (6)(D) and §31-321 require notice to employers in workers' compensation matters to be given either by certified or registered mail or by personal service. See Russell v. R.N. Russell Welding Inc.,226 Conn. 508, 511, 627 A.2d 1344 (1993). General Statutes §22a-43, dealing with appeals from decisions of local inland wetlands agencies, requires an appeal to be taken within fifteen days of publication of the decision. See Demar v. Open Space Conservation Commission, 211 Conn. 416, 420, 559 A.2d 1103 (1989). General Statutes § 4-183(b), dealing with appeals from governmental agencies under the Uniform Administrative Procedure Act (UAPA), provides for an appeal within thirty days after the agency mails the notice of its decision to the appellant, and service upon the agency may be made by registered or certified mail. Hanson v. Department of Income Maintenance, supra,10 Conn. App. 15.
When there is a right of appeal from an administrative agency, "[t]he right of appeal, if it is to have any value, must necessarily contemplate that if the person who is to exercise the right be given the opportunity of knowing that there is a decision to appeal from and of forming an opinion as to whether that decision presents an appealable issue. Until the prospective appellant has either actual or constructive notice that a decision has been reached, the right of appeal is meaningless."Hubbard v. Planning Commission, 151 Conn. 269, 271-72,196 A.2d 760 (1963).
In Hubbard, supra, General Statutes § 8-28, providing for appeals from planning commissions, required an appeal to be taken within fifteen days of the action of the planning commission. Subsequent to the appeal taken by the appellant in Hubbard, the legislature amended § 8-28 to require the planning commission to publish its decision and to send a copy of its decision by registered or certified mail to the applicant on or before the date of publication. Hubbard v. Planning Commission, supra,151 Conn. 270. The court in Hubbard seized upon this amendment to find a legislative intent that the appeal period should run, not from the date of action of the commission, but rather from the date of publication Id., 273. In this regard, the court inHubbard noted that in the future, "the appeal period shall CT Page 1243 commence to run from the publication of notice of the commission's decision rather than from the receipt of notice."Id.
Similar to the issue in Hubbard, General Statutes §12-117a had provided for an appeal to be taken in municipal tax appeals within two months from the action of the board of tax review. General Statutes § 12-117a was amended byPublic Acts 96-1 and 96-261 to provide for an appeal within two months from the date of mailing of the notice of the board's action.
What these statutes and cases show us is that the method for notice of agency decisions selected by the legislature has varied between notice by publication, notice by first class mail, registered mail, certified mail, or by a statutorily authorized officer such as a sheriff, deputy sheriff or indifferent person.
In this case, the commissioner argues that where § 12-237
recites only "service" as the type of notice to be given, that the legislature intended to give discretion to the commissioner on the method for giving notice. In this regard, the commissioner concludes that he may give notice by first class mail, as he has in this case, registered mail, certified mail, or by use of a sheriff, deputy sheriff, or indifferent person to make personal service.
In seeking to discern what the legislature meant by the use of the word "service" in § 12-237, we must look to the words of the statute itself, legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation, and common law principles. Simmons v. Simmons,244 Conn. 158, 164, 708 A.2d 949 (1998).
We are cognizant that the legislature did not specify the mode of giving notice in § 12-237 such as by mailing, publication, or by personal service. What § 12-237 does say is that the decision of the commissioner must be served "upon the taxpayer." A statutory notice in Iowa requiring an inspector "to serve or cause to be served a written notice" was interpreted to mean personal service. State v. Hansen, 244 Iowa 145,55 N.W.2d 923, 924 (1952). In State v. Hansen, the court stated that "[t]he general rule appears to be that unless otherwise provided by statute, the service of a notice must be personal. (Emphasis in CT Page 1244 original.) Id.
The legislature is capable of defining the method of giving notice as we have previously stated. Where there is no indication by the legislature of the appropriate method of service of notice, we must look to what legislative policy is being implemented, its relationship to existing legislation, and to common law principles. Simmons v. Simmons, supra, 164. Lack of timely notice of a decision by a governmental body implicates federal and state due process rights. Worsham v. Greifenberger,242 Conn. 432, 440, 698 A.2d 867 (1997), citing Mullane v.Central Hanover Bank Trust Co., 339 U.S. 306, 70 S.Ct. 652,94 L.Ed. 865 (1950). "`An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity [to be heard].'" Worsham v.Greifenberger, supra, 242 Conn. 440, quoting Mullane v. CentralHanover Bank Trust Co., supra, 339 U.S. 314. An essential function of the notice in the present action is to enable the plaintiff to choose whether to contest the commissioner's decision within the thirty day appeal period contained within § 12-237.
As we have previously noted, this case arose from the commissioner's interpretation of General Statutes § 12-218(a) adversely to the claim of the plaintiff. The plaintiff pursued its claim by petitioning the commissioner for reassessment and hearing pursuant to General Statutes § 12-236. Following the commissioner's denial of the plaintiff's petition, the plaintiff appealed this decision pursuant to General Statutes § 12-237. The statutory scheme of § 12-218 (a), § 12-236, and §12-237 is to afford a taxpayer an opportunity to be heard and to present his or her claim before the commissioner and to appeal the commissioner's adverse decision to the court.[2]
In addition to federal and state due process rights, in Connecticut there is a common-law right to fairness in administrative hearings so that fundamentals of natural justice are not violated. Grimes v. Conservation Comm. of the Town ofLitchfield, 243 Conn. 266, 273, 703 A.2d 101 (1997).
We agree with the holding in School District RE-11J v.Norwood, 644 P.2d 13 (Colo., 1982), that "[i]t is the general rule that when a statute requires that written notice is to be CT Page 1245 given, but does not specify how it shall be given, the written notice is not effective until it is received. Thus, any of the various methods of service may be effective provided that the notice is actually received on or before the prescribed deadline." Id, 15.
We conclude, based upon fundamental due process considerations, the legislative statutory scheme, and the common law concept of fairness, that where the legislature has failed to define the mode of serving notice of governmental decisions, service under § 12-237 means that the commissioner may utilize any appropriate method of service. In this case, we equate the date of personal service with the date notice was personally served on the plaintiff or the date the plaintiff received the notice by mail.
Under the facts in this case, we find that the appeal period commenced on April 28, 1997, the date the plaintiff's agent received the notice of the commissioner's decision. We find support for this decision in Security Connecticut Life InsuranceCo. v. Bajorski, Superior Court, judicial district of Hartford/New Britain at Hartford, docket no. 0387879 (June 26, 1991) (Wagner, J., 6 CSCR 682). In that case, the commissioner mailed a copy of his decision on October 18, 1990, and the taxpayer received the decision by mail on November 15, 1990. The taxpayer appealed the commissioner's decision on December 14, 1990, more than thirty days after the mailing of the decision. Judge Wagner held that the appeal period ran from the date of the receipt of the notice, not the date of mailing because a party cannot appeal from a decision unless the party has either actual or constructive notice of the decision.
Accordingly, the defendant's motion to dismiss is denied.
___________________ Arnold W. Aronson Judge Trial Referee